**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**OTTIS J. CUMMINGS**                                                      **PETITIONER**

**V.**                       **Civil Action No.: 1:11CV211-MPM-DAS**

**RONALD KING, et al.**                                                   **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on the pro se petition of Ottis J. Cummings, Mississippi prisoner # 33844, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition, Petitioner has responded, and the matter is now ripe for resolution. For the reasons set forth below, the instant petition for a writ of habeas corpus will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

      Petitioner was convicted of felony driving under the influence (DUI) in the Circuit Court of Choctaw County, Mississippi, and was sentenced as an habitual offender to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections.[1] His conviction and sentence were affirmed by the Mississippi Court of Appeals on March 2, 2010. *Cummings v. State*, 29 So.3d 859 (Miss. Ct. App. 2010)(Cause No. 2009-KA-00317-COA). Petitioner requested and was granted an extension of time until March 30, 2010, to file a petition for rehearing, but he later moved to dismiss the appeal in order to proceed with an application for post-conviction relief.[2] On April 19, 2010, Petitioner signed his application for leave to proceed in the trial court on a motion for post-conviction relief, which was filed in the Mississippi

---

    [1] ECF No. 8-1.

    [2] ECF No. 8-3 and 8-4.

Supreme Court on May 17, 2010.[3] Petitioner's application was denied on July 15, 2010.[4] In late August 2010, Petitioner filed a pro se "Petition for Writ of Certiorari" that the Mississippi Supreme Court treated as a motion for reconsideration. On October 13, 2010, the court denied the petition as "not well taken" and generally disallowed under Mississippi Rule of Appellate Procedure 27(h).[5] Petitioner filed a petition for writ of habeas corpus in this Court on September 29, 2011, and Respondents maintain that it should be dismissed as untimely filed.

The issue of whether Respondents' motion should be granted turns on 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

---

[3] ECF No. 8-5.

[4] ECF No. 8-6.

[5] ECF No. 8-7.

>other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Therefore, unless the limitations period is tolled, Petitioner must have filed his federal habeas petition within one year of the date his conviction became final. Petitioner's conviction became final for purposes of the federal habeas statute of limitations on March 30, 2010, which was the extension due date for his petition for rehearing. By failing to file a petition for rehearing, he stopped the discretionary review process and waived his right to seek further review in State court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).[6] Therefore, for federal habeas limitations purposes, his federal habeas petition was due on March 30, 2011, absent any applicable tolling.

Respondents argue that Petitioner is entitled to statutory tolling for 87 days (April 19, 2010 through July 15, 2010), which is the period of time that his post-conviction application was pending. Respondents maintain that since the Mississippi Supreme Court found Petitioner's "Petition for Writ of Certiorari" improper, it should not be deemed "properly filed" and further toll the limitations period. Petitioner argues that the petition was still technically pending until October 13, 2010, even if it was improperly filed. Under § 2244(d)(2), the petition must be "properly filed" to toll the limitations period. An application is deemed "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Under Mississippi law, Petitioner's request was not "properly filed" pursuant to Mississippi Rule of Appellate Procedure

---

[6] Mississippi Rule of Appellate Procedure 40(a) provides a 14 day deadline to file a petition for rehearing in state court after direct appeal is affirmed. Petitioner was granted until March 30, 2010, which provided him additional time.

27(h), and he is not entitled to have the limitations period tolled for the time that his "Petition for Writ of Certiorari" was pending. Therefore, allotting Petitioner a tolling period of 87 days while his petition for post-conviction relief was pending (April 19, 2010 through July 15, 2010), Petitioner's petition for writ of habeas corpus was due on June 25, 2011.

Under the "mailbox rule," a petitioner's pro se petition for a writ of habeas corpus is deemed filed on the date it is delivered to prison officials for mailing. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). In this case, the petition was "filed" sometime between the date it was signed on September 29, 2011 and when it was received in this Court on October 3, 2011. Giving Petitioner the benefit of the earlier date, the petition was still filed well after the deadline of June 25, 2011. Moreover, the Court notes that even if the limitations period was tolled until the Mississippi Supreme Court's October 13, 2010 ruling, the petition would have been tolled for 177 days and been due by September 23, 2011 (April 19, 2010 through October 13, 2010). Therefore, under either calculation, the instant petition is untimely.

Petitioner argues that videotape from the dashboard camcorder of the arresting Mississippi State Highway Patrol officer, John Marlot, would show that Petitioner is actually innocent of the convicted offense. He maintains that this evidence was withheld from him at trial, and that the videotape would show that he did not stumble or require assistance as he exited the vehicle on the night of his arrest. However, Petitioner was clearly aware of this information long before the statute of limitations ran out, as a claim of actual innocence based upon the existence of a video recording was raised during Petitioner's post-conviction proceedings.[7] The Court finds Petitioner's allegation insufficient to demonstrate that he was prevented by some State action from timely filing a petition in violation of the Constitution or federal law as

---

[7] ECF No. 8-5.

required to entitle him to additional statutory tolling. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Moreover, Petitioner cites no "extraordinary circumstance [that] stood in his way and prevented timely filing" so as to warrant equitable tolling in this case. *Mathis v. Thaler*, 616 F.3d 461, 474-75 (5th Cir. 2010) (citing *Holland v. Florida*, 130 S. Ct. 2549, 161 (2010)). Petitioner's claim of actual innocence does not warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). However, even if a basis to equitably toll the limitations period in this case existed, Petitioner must show that he diligently pursued relief to be entitled to the benefit of tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner offers no explanation for his failure to file a petition for federal habeas relief until September 2011, more than a full year after his application for leave to seek post-conviction relief was denied in July 2010. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that unexplained delay after state court denied the petition generally does not warrant the application of equitable tolling).

The instant petition is barred by the AEDPA's 1-year statute of limitations period. Therefore, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d)" and **DISMISSES** Petitioner's petition with prejudice. A final judgment in accordance with this memorandum opinion and order will issue today.

**SO ORDERED** this the 12th day of March, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**